1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 12-CV-1377 W (BGS) |
| Plaintiff, | **ORDER GRANTING JOINT MOTION FOR JUDGMENT OF FORFEITURE [DOC. 32]** |
| **v.** | |
| ONE 2011 CADILLAC CTS V. COUPE, CALIFORNIA LICENSE NO. 6SQK331, VIN 1G6DV1EP5B0136452, ITS TOOLS AND APPURTENANCES, et al. | |
| Defendants. | |

Pending before the Court is a Joint Motion for Judgment of Forfeiture. Having reviewed the moving papers, and good cause appearing, the Court **GRANTS** the joint motion [Doc. 32] and **ORDERS, ADJUDGES** and **DECREES** as follows:

## I.   THE JOINT MOTION & SETTLEMENT

The parties have entered into the joint motion in order to resolve the matter of the seizure and forfeiture of defendants, One 2011 Cadillac CTS V Coupe, California License No. 6SQK331, VIN 1G6DV1EP5B0136452, Its Tools and Appurtenances, and

One 2010 Winnebago M40CD, California License No. 6UBC619, VIN 4UZACUCYXACAS5667, Its Tools and Appurtenances.

The parties have agreed to a settlement, which is hereinafter described in its particulars as follows:

### 2011 CADILLAC CTS V COUPE

1.     The United States recognizes and acknowledges the lien held by Wells Fargo Bank, N.A. against the defendant vehicle.  The defendant vehicle shall be condemned and forfeited to the United States pursuant to Title 21, United States Code, Section 881 and disposed of according to law.  The United States Marshals Service shall either sell the defendant vehicle, with the proceeds to be distributed under the following terms.  Costs incurred by the United States incident to the seizure and custody of the defendant vehicle shall be paid from the proceeds of the sale prior to distribution to any of the parties.  After costs are paid, claimant, Wells Fargo Bank, N.A., shall receive payment according to their outstanding lien provided sufficient net proceeds remain.  The United States shall not be responsible for any discrepancy between the amount of the lien and the value of the defendant vehicle.  Claimant retains the right to pursue any shortfall through the procedure stated in the contract of sales establishing their lien in the defendant vehicle.  After all other claimants have received payment, the United States shall receive the balance of the remaining proceeds from the sale of the defendant vehicle, which shall be forfeited.  If the United States Marshals Service determines that selling the defendant vehicle would not generate sufficient proceeds, the defendant vehicle may be returned to the lienholder, if Wells Fargo Bank, N.A. pays the United States Marshals Service the costs associated with the seizure and storage of the defendant vehicle.

### ONE 2010 WINNEBAGO M40CD

2.     The United States recognizes and acknowledges the lien held by Bank of the West against the defendant vehicle.  The defendant vehicle shall be condemned and forfeited to the United States pursuant to Title 21, United States Code, Section

12cv1377w

881 and disposed of according to law.  The United States Marshals Service shall sell the defendant vehicle at no less a price sufficient to cover all costs of sale, including storage costs, plus the full amount of Bank of the West's lien, and Nancy Cawley's payment. At the time of the auction, if no bids are made in an amount sufficient to cover the previously described sums, the United States Marshals Service shall continue the auction of the defendant vehicle to a future date(s) until such time that a sufficient sale price can be obtained for the defendant vehicle.  The United States Marshals Service may utilize any method of selling the defendant vehicle which results in obtaining a sufficient sale price for the defendant vehicle.  The proceeds from the sale of the defendant vehicle will be distributed under the following terms.  Costs incurred by the United States incident to the seizure and custody of the defendant vehicle shall be paid from the proceeds of the sale prior to distribution to any of the parties.  After costs are paid, claimant, Bank of the West, shall receive payment according to their outstanding lien.  The United States shall not be responsible for any discrepancy between the amount of the lien and the value of the defendant vehicle.  Claimant retains the right to pursue any shortfall through the procedure stated in the contract of sales establishing their lien in the defendant vehicle or otherwise under applicable law.  Claimant, Nancy Cawley, shall then receive payment of $6,000.00, either directly or through her attorney of record, provided sufficient net proceeds remain.  After all other claimants have received payment, the United States shall receive the balance of the remaining proceeds from the sale of the defendant vehicle, which shall be forfeited.

3.     The terms of the settlement do not affect the tax obligations, fines, penalties, or any other monetary obligations that any claimant may owe to the United States.  The terms of the settlement do not affect pre-existing contractual agreements and obligations entered into by any of the parties or other individuals involving the defendant Cadillac and the defendant Winnebago.

4.     The person or persons who made the seizure, or the prosecutor shall not be liable to suit or judgment on account of such seizure in accordance with Title 28,

United States Code, Section 2465. Claimants agree that by entering into the joint motion, that they have not "substantially prevailed" within the meaning of Title 28, United States Code, Section 2465. All parties shall bear their own costs and expenses, including attorney fees, except as specifically provided for in any pre-existing contractual agreements. Judgment shall be entered in favor of the United States on its complaint.

5.      The claimants, their agents, employees, or assigns, shall release the United States of America, its agents and employees, from any and all claims which might result from the seizure of the defendant Winnebago and defendant Cadillac.

## II.    CONCLUSION & ORDER

Based on the foregoing, the Court **GRANTS** the joint motion [Doc. 32] and **ORDERS ENTRY OF JUDGMENT** in favor of Plaintiff United States of America. The Clerk of the Court shall close the District Court case file.

**IT IS SO ORDERED.**

DATED:  May 17, 2013

_____
Hon. Thomas J. Whelan
United States District Judge

- 4 -

12cv1377w